Holme **HICKMAN**, Respondent,

v.

**DIVISION OF EMPLOYMENT SECURITY** of the State of Missouri, the Industrial Commission of Missouri, James J. Butler, Chairman of the Industrial Commission of Missouri, and Lawrence Presley and Carl J. Brown, Members of the Industrial Commission of Missouri, Appellants.

No. 25112.

Kansas City Court of Appeals.

Missouri.

Dec. 1, 1969.

Lloyd G. Poole, Frank Robison and Curtis K. Cochell, Jefferson City, for appellants.

Richard K. Andrews, Charles L. House, Kansas City, for respondent; Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, of counsel.

MAUGHMER, Commissioner.

The Division of Employment Security, appellant, acting through Peter A. May, Appeals Referee, and acting upon petitions for reassessment, on August 30, 1966, issued an "Order of Assessment of Contributions, Interest and Penalties" against Holme Hickman, respondent. The respond-ent petitioned for review by the circuit court. The circuit court did not review the matter on the merits, but remanded with directions that the commission consider certain specific evidence (Petitioner's Exhibit 6) and reconsider the whole matter in the light of such additional evidence. The commission has appealed. Respondent says the order of the circuit court is not a final judgment from which an appeal is authorized, that there is no special statutory authorization for an appeal from such an order and therefore the appeal should be dismissed. Appellant contends that the Division of Appeals Tribunal decision of January 26, 1965, which the commission declined to review on September 8, 1965, was final and decisive of the matter, and secondly, the decision of the appeals referee dated August 30, 1966, which was appealed to the circuit court, is supported by substantial, competent evidence and must therefore be affirmed.

So far as the records before us indicate, respondent's liability first came under scrutiny of the commission or its representatives in 1959. Apparently there had been investigations and under date of January 26, 1965, a formal "Decision of Appeals Tribunal" was entered. It bears the signature of C. D. Balmer, Appeals Referee, Division of Employment Security. It was there held that respondent Holme Hickman from January 1, 1959 through July 6, 1962 was an employer subject to the Law, and 2., Holme Hickman did not cease as of January 1, 1963 to be an employer subject to the Missouri Employment Security Law. This decision made no determination as to the number of employees, if any, Holme Hickman may have had after January 1, 1963, or what his liability, if any, after that date might have been. Mr. Hickman sought review of the matter by the commission. On September 8, 1965 the whole commission denied review for the stated reason that the decision was supported by competent and substantial evidence. The division of employment security made one Order of Assessment against Holme Hick-

man for the calendar years 1960, 1961 and the first two calendar quarters of 1962. It made a second Order of Assessment for contributions allegedly due for the last two calendar quarters of 1962, the calendar years 1963 and 1964 and the first three calendar quarters of 1965. Within due time Mr. Hickman filed petition for reassessment. A hearing was held on July 19, 1966 and additional evidence was taken on August 5, 1966 before Peter A. May, Appeals Referee, Division of Employment Security, whose decision was entered on August 30, 1966. This is the particular decision which went to the circuit court for review. The decision by Mr. May contained the following statements or expressed conclusions:

1. "Hickman never at any time filed an application for termination of coverage under the law."

2. "Hickman was subject to the Law prior to 1963 and the Referee's decision of January 26, 1965, which decision became final, held that he did not cease to be an employer as of January 1, 1963."

As pointed out hereinabove that conclusion was declared on an appeal which covered only the period up to July 6, 1962.

3. "The fact that Hickman may not have had four or more individuals in employment is not controlling. Under Section 288.080, quoted above, an employer ceases to be an employer subject to the Law only if it files with the Division a written application for termination of coverage and the division approves it. In the instant case no application for termination of coverage was ever filed. The filing of reports showing 'No Taxable Payroll' did not constitute an application for termination of coverage."

Section 288.080 (2), V.A.M.S., provides for termination by an employer if he files an application therefor and the commission approves. We set out the statute:

"Except as otherwise provided in subsection 3, an employing unit shall cease to be an employer as of the first day of January of any calendar year, if it files with the division, on or before the tenth day of February of such year, a written application for termination of coverage, and the division makes a determination that there were no thirteen different days, each day being in a different week within the preceding calendar year, within which such employing unit employed four or more individuals in employment. * * *"

Petitioner's Exhibit 6 is the evidence which the circuit court in its remand directed the commission to consider. It is a written document on a form provided by the commission, which bears the caption "Application for Termination of Coverage." This instrument is dated January 1, 1963, is completely filled out, claims termination of coverage as of January 1, 1963, is stamped "received * * *" by the commission on January 3, 1963 and bears the signature of Holme Hickman.

Because of this specific statutory provision Hickman's application for termination (Exhibit 6) which was received by the commission on January 3, 1963, would appear to constitute relevant and substantial evidence. In addition, the commission's decision of August 30, 1966 seems to mainly predicate its finding upon the assertion that Hickman had not filed a notice of termination. At least the decision states and affirmatively asserts that he had never filed any such application. The fact is that it had been filed by him and on a form supplied by the commission for that purpose. The commission had apparently overlooked or misplaced the letter. Certainly it was not considered. The trial court in its memorandum decision stated:

"Between the date of the Division's final order in the case and the date of the submission of this appeal to me, the missing application for termination of coverage was discovered and the palpable

injustice of the Division's order was thereby revealed. * * *"

Apparently information as to the date when the missing document came to light was stated in open court by counsel for appellant. That the application for termination of coverage dated January 1, 1963, signed by Mr. Hickman, was received by the commission on January 3, 1963, has not been denied either in the circuit court or before this court.

Clearly the document, which was missing at the time of the commission's decision, is definitely authorized and specifically provided for by statute. It is not only a proper and lawful procedure to obtain exemption, but the commission treats it as the legitimate, authorized and correct way to do it. This evidence is manifestly material and consequential to the issues presented. The commission did not at the time of its determination know of its existence. It was overlooked, not because of Hickman's fault, but by reason of the chargeable negligence of the commission.

In reviewing decisions of an administrative tribunal such as the industrial commission, the courts may not weigh the evidence de novo. However, Section 536.140 (4), V.A.M.S. specifically provides:

"* * * Wherever the court is not entitled to weigh the evidence and determine the facts for itself, if the court finds that there is competent and material evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at the hearing before the agency, the court may remand the case to the agency with directions to reconsider the same in the light of such evidence. * * *"

The order of the circuit court remanding with direction to consider this additional evidence does not constitute a final judgment. It requires the commission to redetermine the entire controversy after considering this additional evidence. Such decision may then be reviewed by the circuit court and any aggrieved party may appeal.

Section 512.020, V.A.M.S. supplies the statutory authorization for appeals. It authorizes appeals from final judgments and certain other orders, of which a remand to consider additional evidence is not one.

In Wilson v. Hungate, Mo.Sup., 434 S.W.2d 580, 583, it was ruled that an order denying a motion for summary judgment was not appealable. The court said:

"* * * the rationale of the rule of an appeal from a *'final judgment'* * * * only has always been a part of this court's appellate jurisprudence. The rule is one of policy, against piecemeal appeals. * * *"

In Agin-Feeley Services, Inc. v. Industrial Commission, Mo.App., 389 S.W.2d 416, 417, 418, this court held that an order joining the division of employment security as a party defendant amounted to neither a final judgment nor an appealable order. The court expressed its views of the law this way:

"* * * Since the right of appeal is statutory and since this action of the Circuit Court is not one from which an appeal is authorized by such statute," (Section 512.020, supra) "there is no appealable order, and the appeal will not lie. This has been repeatedly and specifically held by all the courts of Missouri which have considered the problem. This specific point was cogently disposed of by the opinion of Judge Cave of this court in Graham v. Bottorff, Mo.App., 240 S.W.2d 191. See also Nelson v. Hammet, Mo., 343 S.W.2d 75."

* * * * * *

"Absent a specific statutory authorization for appeal from the order in question, an appeal will lie only where the judgment appealed from has determined all issues as to some or all of the parties. * * *"

The appeal was dismissed.

The Supreme Court in State ex rel. St. Louis County v. Public Service Commission, 228 S.W.2d 1, 2, 3, had before it an order promulgated by the Public Service Commission, but the order did not show that a majority of the commission had concurred therein. The court dismissed the appeal and made this comment:

\* \* ·\* The Report and Order having been held to be a nullity and unlawful for the stated reasons, and the Report and Order having been reversed, but not on the merits, the proceedings were as if no report and order had been entered. Therefore, the Circuit Court remanded the cause so that the Commission could promulgate a valid and lawful report and order upon which, if reviewed, the Circuit Court could review the proceedings on the merits." (Citing cases.) "The Circuit Court in remanding the cause for further action was acting within its discretionary power as provided by Statute. \* \* \*" (Section 536.140 (4), supra.) "No one has contended the Circuit Court's remand, after reversal, was arbitrary."

"There was no finality of disposition of the proceedings by the reversal *and remand* which gave appellant the right to appeal therefrom." (Citing cases.) "After the remand, a judgment of the Circuit Court, if rendered upon writ to review a subsequently promulgated report and order, may afford the basis for an appeal."

█ It seems quite evident that in the instant case the circuit court has entered neither a final judgment nor an order from which the statute has authorized an appeal. Appeals are not to be heard piecemeal. One appeal should suffice to determine all the controverted issues. The appeal here is not timely. It is premature. It is dismissed.

SPERRY, C., not sitting.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.