**190**

William F. WATSON and Zeffie L. Watson, Respondents,

v.

DIRECTOR, MISSOURI STATE DIVISION OF FAMILY SERVICES, Appellant.

No. 10689.

Missouri Court of Appeals, Springfield District.

April 18, 1978.

Joseph B. Phillips, Phillips & Phillips, Stockton, for respondents.

Robert R. Northcutt, Chief Counsel, Paul T. Keller, Senior Counsel, Jefferson City, for appellant.

PER CURIAM:

Representatives of the Cedar County Family Services Office determined that William and Zeffie Watson, husband and wife, were no longer eligible for public assistance under the Old Age Assistance program and the Watsons applied for a state hearing. The Director of the Missouri State Division of Family Services, following a hearing of sorts,[1] ordered termination of William's grant for state supplementation benefits and Zeffie's vendor nursing home payments. Inter alia, the director's decision was based on findings that since claimants were "married and actually living with husband or wife" they were ineligible for benefits because they jointly owned or possessed property exceeding $10,500 in value contrary to the provisions of § 208.010–2(4).[2] William and Zeffie, per § 208.100–1, appealed to the Circuit Court of Cedar County. After pondering the probable meaning of the statutory phrase "*actually* living with husband or wife" (our emphasis) as contained in § 208.010–2(4),[3] and after noting the dearth of evidence as to whether Zef-

1. William appeared pro se at the hearing. Zeffie, then a patient in a nursing home, did not appear and was not represented at the hearing.

2. References to statutes and rules are to RSMo 1969, V.A.M.S., and to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

3. Apparently under § 208.010–2(4), each married individual who is not *actually* living with husband or wife may separately own or possess property not exceeding $10,500 in value and still remain eligible for public assistance benefits.

fie's residence in the nursing home was permanent or indefinite (as opposed to temporary confinement), the circuit court found and ordered: "The Court therefore finds that a fair hearing and determination of applicants' eligibility and rights under the Old Age Assistance Law has not been granted to applicants by the Director of the Missouri State Division of Family Services, and the proceedings are remanded for redetermination of the issues by said Director."[4] The director has appealed to this court seeking, in summary, a judgment which would remand the cause to the circuit court with directions to affirm his decision.

 William and Zeffie have joined the appellate affray without questioning our right to entertain the director's appeal. Nonetheless, it is our duty to recognize the question ex mero motu. The right of appeal is purely statutory and, sans specific statutory authority therefor, we have no jurisdiction to entertain the matter if an appeal is not allowable. *Powell v. Watson*, 516 S.W.2d 51, 52[1, 2] (Mo.App.1974).

 As seen, supra, the circuit court did not undertake a final adjudication of the cause. Rather, the court acknowledged the famine of evidence in the proffered record which made it impossible to determine whether the director's decision was arbitrary and unreasonable vel non. In reviewing administrative decisions, a court may not weigh the evidence and determine the facts for itself. *Lee v. State Department of Public Health & Welfare*, 480 S.W.2d 305, 308[1] (Mo.App.1972). However, "if the court finds that there is competent and material evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at the hearing before the agency, the court may remand the case to the agency with directions to reconsider the same in the light of such evidence." Rule 100.07(d); § 536.-140–4. Also, again see § 208.100–5 quoted herein in Note 4.

"[2] The order of the circuit court remanding with direction[s] to consider . . . additional evidence does not constitute a final judgment. It requires the [director] to redetermine the entire controversy after considering . . . additional evidence. Such decision may then be reviewed by the circuit court and any aggrieved party may appeal. . . . [3] It seems quite evident that in the instant case the circuit court has entered neither a final judgment nor an order from which the statute [§ 512.020] has authorized an appeal. Appeals are not to be heard piecemeal. One appeal should suffice to determine all the controverted issues. The appeal here is not timely. It is premature. It is dismissed." *Hickman v. Division of Employment Security*, 448 S.W.2d 270, 273–274 (Mo.App.1969). It is so ordered.

All concur.

---

4. Sec. 208.100–5 states: "Upon the record so certified by the director . . ., the circuit court shall determine whether or not a fair hearing has been granted the applicant. If the court shall decide for any reason that a fair hearing and determination of the applicant's eligibility and rights under this law was not granted the individual by said director, or that his decision was arbitrary and unreasonable, the court in such event shall remand the proceedings for redetermination of the issues by said director."