**LABOR AND INDUSTRIAL RELATIONS COMMISSION and Division of Employment Security, Appellants,**

v.

**Larry D. HOFFMAN, d/b/a Man for Rent Services, Respondent.**

**No. WD 44911.**

Missouri Court of Appeals, Western District.

Jan. 7, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied April 21, 1992.

Victorine Robben Mahon, Jefferson City, for Labor & Industrial Relations Comm.

Ninion S. Riley, Jefferson City, for Div. of Employment Sec.

James Kent Lowry, Jefferson City, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

FENNER, Judge.

The Labor and Industrial Relations Commission (the Commission) and the Division of Employment Security (the Division), appeal an Order of the circuit court which reversed a decision of the Commission that respondent, Larry Hoffman, failed to time-ly appeal an administrative determination of the Division.

Procedurally, this action began with a determination by the Division that certain persons performed services in "employment," as that term is defined in § 288.-034.5, RSMo 1986, for Mr. Hoffman, that remuneration for such services constituted wages as that term is defined in § 288.036, RSMo 1986, and that these persons were not "independent contractors" as they were considered by Mr. Hoffman.

On October 9, 1987, the Division apparently sent a Status Determination letter by certified mail, return receipt requested, informing Mr. Hoffman of its determination. The postal service twice unsuccessfully attempted to deliver said certified letter, once on October 10, 1987, and once on October 19, 1987. A postal service stamped message was placed on the returned envelope bearing the terms "Returned to Sender," along with a check mark placed on a line following the term "Refused." After receiving the envelope, the Division once again sent the Status Determination letter to Mr. Hoffman, in a plain envelope. This letter was received by Mr. Hoffman. On November 6, 1987, Mr. Hoffman filed an appeal of the determination to the Appeals Tribunal of the Division.

The Division's Appeals Tribunal determined that because Mr. Hoffman personally or by his agent, prevented delivery of the certified mailing on October 10, 1987, and again on October 19, 1987, he could not be permitted to claim nondelivery as sufficient to excuse him for not timely responding to the Status Determination letter mailed October 10, 1987. Because Mr. Hoffman's appeal was not perfected within the 14 day statutory time limit set forth in § 288.130.3, RSMo 1986,[1] the Appeals Tribunal found the appeal untimely, that there was no authority to consider the merits of the matter and the determination of the Division was declared final.

Mr. Hoffman then appealed to the Commission which adopted the decision of the Appeals Tribunal, finding it to be sup-

---

1. Now a 15 day statutory time limit pursuant to § 288.130.3, RSMo Cumm.Supp.1990.

ported by competent and substantial evidence.

Following the Commission's determination, Mr. Hoffman filed a Petition for Review in the circuit court. Issues were presented to the circuit court regarding the timeliness of Mr. Hoffman's appeals both to the Appeals Tribunal of the Division and to the Commission. The circuit court determined both appeals were timely filed. The court found that Exhibit 1, submitted by the Division, which consisted of the Status Determination letter sent by the Division and the envelope said letter was mailed in bearing the postal service stamped message, contained inadmissible hearsay and could not, as a matter of law, be the basis for a determination that Mr. Hoffman refused delivery of the letter. The court also determined that the Commission failed to make appropriate findings on the issue of whether the alleged workers were independent contractors under the applicable statute and remanded the cause to the Commission for findings on that issue. The Commission and the Division both appeal the Order of the circuit court.

Mr. Hoffman has filed a Motion to Dismiss Appeal herein, alleging that this court is without jurisdiction to decide the present appeal. The first and dispositive issue to be determined is whether the Order of the circuit court herein is appealable.

Section 512.020, RSMo 1986, provides statutory authorization for appeals. Only final awards, disposing of all parties and all issues are appealable. *See, Clare v. Labor and Industrial Relations Commission,* 696 S.W.2d 867, 869 (Mo.App.1985). Appeals from final judgments and certain other orders are authorized, but a remand for consideration of additional evidence is not. *See, Hickman v. Division of Employment Security,* 448 S.W.2d 270, 273 (Mo.App.1969). Moreover, an appeal from an order remanding to an administrative tribunal for additional proceedings is not authorized by § 512.020, and thus, there is no appeal from such an order. *Hall v. Labor and Industrial Relations Commission,* 649 S.W.2d 572, 573 (Mo.App.1983). The logic behind such a rule is obvious,

that being to avoid hearing appeals on a piecemeal basis. *Hickman,* 448 S.W.2d at 274. One appeal should suffice to determine all the controverted issues. *Id.*

The Suggestions in Opposition to the Motion to Dismiss, filed jointly by the Division and the Commission, argue that the fact that the circuit court's decision remands for further actions consistent with its decision does not and should not mean that said decision is not appealable. Cited in support of this position are *Price v. Labor and Industrial Relations Commission,* 811 S.W.2d 457 (Mo.App.1991) and *Turner v. Labor and Industrial Relations Commission,* 793 S.W.2d 191 (Mo.App.1990). The circumstances of those cases are readily distinguishable from the present situation.

In both *Price* and *Turner,* the circuit court had found that the decision of the Commission, on the merits, was not supported by competent and substantial evidence and remanded the cases to the Commission. In the instant case there has been no decision on the merits. The circuit court reversed the decision of the Commission and determined that Mr. Hoffman's appeal was timely filed. Finding the appeal timely filed, the circuit court remanded the cause for a determination of the merits, i.e., whether the alleged workers were independent contractors or employees under the applicable statute. Thus, the circuit court has entered neither a final judgment nor an order from which § 512.020, RSMo 1986, has authorized an appeal. *Hickman,* 448 S.W.2d at 274.

There being no final judgment, the appeal is dismissed.

All concur.