Randall McDOWELL, Respondent,

v.

CITY OF SPRINGFIELD, Missouri, a
municipal corporation, Appellant.

No. 19999.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 29, 1995.

Mary Stewart Tansey, Asst. City Atty.,
Springfield, for appellant.

Richard D. Crites, Springfield, for respondent.

PER CURIAM.

The City of Springfield (City) appeals from the circuit court's "Order Remanding Contested Case" (Order) by which the instant administrative proceeding was remanded to the City's Personnel Board (the Board) for findings of fact and conclusions of law.

Respondent, a City police officer, was suspended by the police chief for four days without pay as discipline for actions taken while on duty. He appealed that action to the Board pursuant to provisions of the City Charter. After a hearing, the Board approved the disciplinary action and reported its decision to the City Manager. The City Manager then entered findings of fact and conclusions of law affirming the findings of the Board. Thereafter, Respondent filed a Petition for Judicial Review in the circuit court pursuant to Chapter 536 RSMo.

In his Petition for Judicial Review, Respondent contended that the final administrative decision of the City [1] "violated Missouri law and was based upon unlawful procedure and deprived the Plaintiff of a fair hearing and of procedural and substantive due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution." In particular, Respondent alleged that the Board was prejudiced against him because it had been furnished with the City's exhibits in advance of the hearing; the City was permitted to call a

---

1. The Petition for Judicial Review refers to "Exhibit A" as constituting the final administrative decision of the City, but that exhibit is not attached to the copy of the petition included in the legal file before this court. The petition alleges that Exhibit A was mailed to Respondent on April 18, 1994. From the remainder of the record before us, we gather that Exhibit A was a letter from the City Manager informing Respondent of his decision to sustain the recommendations of the Board and enclosing a copy of his "Findings Of Fact, Conclusions Of Law, And Final Decision Of The Springfield City Manager."

witness without sufficient advance disclosure to him; the Board permitted incompetent evidence and evidence not based on personal knowledge of a witness; the attitude and procedures of the Board violated his right to procedural due process; and the Board refused to consider relevant portions of one exhibit.

After hearing arguments on the Petition for Judicial Review, the circuit court entered the Order which is the subject of this appeal. In that Order, the court found that the matter for judicial review was the action of the Board instead of the City Manager. Since the Board had made no findings of fact or conclusions of law, the court remanded the case to it for the purpose of complying with § 536.090.[2] This appeal is from that Order.

■ Respondent contends that the Order in question is not an appealable judgment for purposes of appellate jurisdiction. He argues that the order did not adjudicate the claims raised in his Petition for Judicial Review, but merely remanded the matter back to the Board for the entry of findings in compliance with § 536.090. He concludes that the order, therefore, was not a final judgment vesting this court with appellate jurisdiction. We agree.

■ The right to appeal does not exist in the absence of statutory authorization. *Hall v. Labor and Indus. Relations Comm'n*, 649 S.W.2d 572, 573 (Mo.App.S.D.1983); Rule 81.01. Section 536.140.6 provides that following a judicial review of a contested case,

"[a]ppeals may be taken from the judgment of the court as in other civil cases."

■ Section 512.020 provides the statutory authorization for appeals from circuit courts in civil matters. It authorizes appeals from final judgments and certain other orders. An order remanding a case to an administrative tribunal for additional proceedings, however, does not constitute a final judgment or an order from which an appeal is authorized by § 512.020. *Watson v. Director, Missouri State Div. of Family Serv.*, 565 S.W.2d 190, 191 (Mo.App.S.D.1978). There is, therefore, no appeal from such an order. *Hall v. Labor and Indus. Relations Comm'n*, 649 S.W.2d at 573; *Boyle v. Trump*, 584 S.W.2d 119, 120 (Mo.App.E.D.1979); *Hickman v. Div. of Employment Sec.*, 448 S.W.2d 270, 273–74 (Mo.App.W.D.1969). Accordingly, an appeal from that type of order is premature and must be dismissed. *Jones v. Missouri Highway and Transp. Comm'n*, 639 S.W.2d 182, 183 (Mo.App.S.D.1982).

The appeal is dismissed.

---

**2.** All references to statutes are to RSMo.1994, and all references to rules are to Missouri Rules of Court, V.A.M.R.