**Ann Lee GIESLER, Plaintiff–Respondent,**

v.

**The CITY OF STE. GENEVIEVE, et al., Defendants–Appellants.**

No. 70826.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 11, 1997.

Rehearing Denied May 1, 1997.

Wegmann, Gasaway, Stewart, Schneider, Diffenbach, Tesreau, Stoll & Sherman, P.C., Randall D. Sherman, Hillsboro, Frank J. Elpers, Ste. Genevieve, for defendants–appellants.

Lance R. Drury, Ste. Genevieve, and Joseph L. Green, St. Charles, for plaintiff–respondent.

KAROHL, Judge.

The City of Ste. Genevieve has filed an appeal after an order of the circuit court remanding the case to the Board of Aldermen to conduct a § 536.140 RSMo 1994[1] contested case hearing in a proceeding filed by the holder of a city liquor license. The city contends the controversy is controlled under § 536.150 as an uncontested case, thus, not subject to remand by the circuit court. We have an affirmative duty to determine our jurisdiction. *Shanklin v. Grey Eagle Distributing, Inc.*, 864 S.W.2d 422, 423 (Mo.App. E.D.1993). Section 512.020 provides that any party aggrieved by a decision of a trial court may appeal "from any final judgment in the case." We conclude that the decision of the circuit court to remand the matter to the Board of Aldermen is not a final judgment. We dismiss the appeal for lack of jurisdiction.

An appeal from an order remanding to an administrative tribunal for additional proceedings is not authorized by § 512.020. *Labor and Industrial Relations Commission v. Hoffman*, 825 S.W.2d 874, 876 (Mo.App.1992). Finality is found when the agency arrives at a terminal, complete resolution of the case before it. An order lacks finality where it remains tentative, provisional, or contingent, subject to recall,

---

1. All statutory references are to RSMo 1994.

revision or reconsideration by the issuing agency. *State ex rel. Dussault v. Board of Adjustment, City of Maryland Heights,* 901 S.W.2d 318, 320 (Mo.App. E.D.1995). The parties' jurisdictional statements do not provide any authority to support appellate jurisdiction. We find none. While the parties may have other remedies, a direct appeal to this court is not available.

Appeal dismissed.

RHODES RUSSELL, P.J., and SIMON, J., concur.