**Michael TAYLOR, Respondent,**

v.

**CIVIL SERVICE COMMISSION OF ST. LOUIS COUNTY, MISSOURI, Appellant.**

**No. 73157.**

Missouri Court of Appeals, Eastern District, Division Two.

May 19, 1998.

Eva C. Konieczny (Asst. County Counselor), Clayton, for appellant.

David M. Segall, Clayton, for respondent.

Before CRANE, P.J., and RHODES RUSSELL and JAMES R. DOWD, JJ.

*PER CURIAM.*

The Civil Service Commission of St. Louis County ("Commission") appeals from the circuit court's order remanding the case to the

---

Commission for further hearings. We conclude that the decision of the circuit court to remand the matter to the Commission is not a final judgment and dismiss the appeal for lack of jurisdiction.[1]

Michael Taylor ("respondent") was dismissed from his position as a corrections officer with the St. Louis County Department of Justice Services after failing a random drug test. He sought review of his dismissal before the Commission. The Commission affirmed the dismissal after an evidentiary hearing. Thereafter, respondent filed a Petition for Judicial Review in the Circuit Court of St. Louis County pursuant to Chapter 536 RSMo 1994.[2]

After hearing arguments on the Petition for Judicial Review, the court entered its order which is the subject of this appeal. In its order, the court remanded the matter to the Commission for additional evidence at further hearings. The order stated:

> The court finds that the failure of Smith, Kline Beecham Laboratories set out in the pleadings requires additional evidence to ensure the accuracy of the tests submitted. The court finds that the Civil Service Commission is the appropriate forum for such hearings. It is the Judgment, Order, and Decree that their motion is remanded to the Civil Service Commission for further hearings as is appropriate.

■ In his motion to dismiss, respondent contends that the trial court's order is not an appealable judgment for purposes of appellate jurisdiction. He argues that the order merely remanded the matter back to the Commission for additional evidence[3], and therefore, the order was not a final judgment vesting this court with appellate jurisdiction. We agree.

■ The right to appeal does not exist in the absence of statutory authorization.

*McDowell v. City of Springfield,* 906 S.W.2d 908, 909 (Mo.App.1995). Section 536.140.6 provides that following a judicial review of a contested case, "[a]ppeals may be taken from the judgment of the court as in other civil cases." *Id.* Section 512.020 provides that any party aggrieved by a decision of a trial court may appeal "from any final judgment in the case." *Giesler v. City of Ste. Genevieve,* 943 S.W.2d 793, 793 (Mo.App.1997).

■ Appeals from final judgments and certain other orders are authorized, but a remand for consideration of additional evidence is not. *Labor and Industrial Relations Commission v. Hoffman,* 825 S.W.2d 874, 876 (Mo.App.1992)(citing *Hickman v. Division of Employment Security,* 448 S.W.2d 270, 273 (Mo.App.1969)).[4] Furthermore, an appeal from an order remanding to an administrative tribunal for additional proceedings is not authorized by section 512.020. *Giesler,* 943 S.W.2d at 793.

Commission argues that the fact that the circuit court remanded the case to it for further action does not mean the court's decision is not appealable. In support of its argument, the Commission cites *Price v. Labor and Industrial Relations Commission,* 811 S.W.2d 457 (Mo.App.1991) and *Turner v. Labor and Industrial Relations Commission,* 793 S.W.2d 191 (Mo.App.1990).

*Price* and *Turner* differ from the case herein. In both *Price* and *Turner,* the trial court had found that the decision of the administrative tribunal, on the merits, was not supported by competent and substantial evidence and remanded the cases to the administrative tribunal to enter specific orders. There were no directions to consider additional evidence in further proceedings as was ordered herein. In the instant case, the trial court did not find that the Commission's

---

1. The Commission's motion to strike respondent's brief is denied as moot.

2. All statutory references are to RSMo 1994 unless otherwise indicated.

3. It is not clear from the record what specific additional evidence the court is directing the Commission to consider.

4. In *Hoffman,* the Labor and Industrial Relations Commission upheld the denial of an administrative hearing based upon the failure of the employer to timely appeal the Division of Employment Security's initial determination. 825 S.W.2d at 875–76. The circuit court found that the appeal was timely filed and remanded the case back to the Labor and Industrial Relations Commission for a determination on the merits.

decision was not supported by competent and substantial evidence. Instead, the court remanded the case for further proceedings to take additional evidence. Further, the issue of whether the circuit court's order of remand was a final appealable judgment was not raised in *Price* and *Turner*.

The Commission argues that the cases cited by respondent are distinguishable because the administrative tribunal in those cases never addressed the matters on their merits initially. The Commission also argues that because it addressed the matter on the merits (i.e. found that respondent's employment should be terminated because he tested positive for drug use), the trial court's decision to remand for further evidence is tantamount to a finding of a lack of sufficient evidence.

Simply because the Commission initially addressed the case on its merits does not mean that the court's decision to remand for further evidence is appealable. In *Hickman*, the Division of Employment Security issued an order assessing contributions, interest and penalties against an employer. The employer petitioned for review by the circuit court. The court did not review the matter on the merits, but remanded with directions that the commission consider certain specific evidence and reconsider the whole matter in light of the additional evidence. *Hickman*, 448 S.W.2d at 271. Although the administrative tribunal below had initially addressed the matter on the merits, the appellate court found that the trial court's order remanding for consideration of additional evidence was not appealable. *Id.* at 274.

The order of the trial court remanding with directions to consider additional evidence at further hearings does not constitute a final judgment. Respondent's motion to dismiss the appeal is granted. Appeal dismissed.