

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| JOHN FOWLER, | ) | No. ED100599 |
| | ) | |
| Respondent, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | |
| | ) | |
| T. J. AHRENS EXCAVATING, INC., | ) | |
| | ) | |
| Respondent, | ) | |
| and | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | Filed: |
| Appellant. | ) | May 20, 2014 |

The Division of Employment Security appeals the order of the Labor and Industrial Relations Commission. The Commission's decision is not final, and we must dismiss the appeal

The Division determined that John Fowler ("Claimant") was eligible for unemployment benefits from T.J. Ahrens Excavating, Inc. ("Employer"). The Employer appealed to the Appeals Tribunal on the grounds that Claimant was not available for work. The Appeals Tribunal was concerned that the appeal may not have been filed by an authorized party and set a hearing to decide whether the appeal was lawful and to determine Claimant's eligibility. At the hearing, there was testimony regarding the validity of the notice of appeal and testimony from both parties as to Claimant's availability for work. The Appeals Tribunal concluded that the notice of appeal was not

valid and dismissed the appeal. It made no determination as to the merits of Employer's appeal.

On Employer's application for review, the Commission concluded that Employer's notice of appeal to the Appeals Tribunal was lawful and timely. Although it had the record of the Appeals Tribunal hearing containing evidence regarding the merits of the appeal, the Commission did not want to "deprive the parties of one level of administrative review." Therefore, it remanded the matter back to the Appeals Tribunal with directions to review the transcript and issue a new decision solely on the merits. The Division filed a motion to the Commission asking it to reconsider its determination that the notice of appeal to the Appeals Tribunal was lawful. That motion was denied, and this appeal follows. There has been no response to this appeal by Claimant or Employer.

In an unemployment compensation case, appellate review of the Commission's decision is governed by Article 5, Section 18 of the Missouri Constitution and Section 288.210 of the Missouri Revised Statutes. Sanders v. Division of Employment Security, 392 S.W.3d 540, 542 (Mo. App. W.D. 2013). Thereunder, only final decisions of an administrative officer are reviewable. Article 5, Section 18 ("All *final* decisions, findings, rules and orders on any administrative officer or body . . . shall be subject to direct review by the courts as provided by law"); Section 288.210 (a party may appeal "[w]ithin twenty days after a decision of the commission has become *final*") (emphasis added). A decision is final for appeal purposes when "the agency arrives at a terminal, complete resolution of the case before it. An order lacks finality in this sense while it remains tentative, provisional, or contingent, subject to recall, revision or reconsideration by the issuing agency." Dore & Associates Contracting, Inc. v. Missouri Department of Labor & Industrial Relations Commission, 810 S.W.2d 72, 75 (Mo. App. W.D. 1990)

2

(quoting National Treasury Employees Union v. Federal Labor Relations Authority, 712 F.2d 669, 671 (D.C.Cir.1983)).

A Commission's decision remanding a matter for a determination on the merits is not final and appealable. Labor and Indutrial Relations Commission v. Hoffman, 825 S.W.2d 874, 875 (Mo. App. W.D. 1992); see also Smith v. Semo Tank & Supply Co., 99 S.W.3d 11, 14 (Mo. App. E.D. 2002) (Commission determination that workers' compensation settlement approved by ALJ was a nullity, remanding for hearing on merits, was not final).; Hickman v. Division of Employment Security, 448 S.W.2d 270, 273 (Mo. App. 1969) (circuit court order remanding to Commission for reconsideration of merits in light of particular overlooked evidence was not final); Taylor v. Civil Service Commission of St. Louis County, 969 S.W.2d 763, 764-65 (Mo. App. E.D. 1998) (circuit court's remand for further proceedings in Civil Service Commission for additional hearings on accuracy of drug tests in employee termination case was not final). "The logic behind such a rule is obvious, that being to avoid hearing appeals on a piecemeal basis. One appeal should suffice to determine all controverted issues." Hoffman, 825 S.W.2d at 876.

We find Hoffman to be the most instructive on this issue. There, the Division found that certain workers were employees, not independent contractors, for purposes of Employment Security Law. Id. at 875. The employer appealed, but the Appeals Tribunal determined the appeal was untimely and therefore it had no authority to consider the merits. Id. On appeal, the Commission adopted the Appeals Tribunal's findings, which was appealed to the circuit court. Id. at 875-76. The circuit court determined that the appeals to the Appeals Tribunal and the Commission were timely and remanded to the Commission to make the appropriate findings as to the merits of the employer's claim. Id. at 876. On appeal, the appellate court concluded that the circuit court's remand order

3

was not final. Id. The court distinguished its situation from one in which a remand is ordered after a determination of the merits:

> In the instant case there has been no decision on the merits. The circuit court reversed the decision of the Commission and determined that [the employer's] appeal was timely filed. Finding the appeal timely filed, the circuit court remanded the cause for a determination of the merits, i.e., whether the alleged workers were independent contractors or employees under the applicable statute.

Id. (comparing cases where decision is reversed and remanded on grounds it was not supported by substantial and competent evidence).

The situation in this case is very similar to Hoffman. There has been no determination of the merits of Employer's appeal. Although the Appeals Tribunal took evidence on the issue, neither it nor the Commission even addressed the substance of Employer's claim, namely that Claimant was not available for work. As the Commission pointed out, the parties have not yet received any level of administrative review on the merits. The Commission's remand is for the purpose of allowing the Appeals Tribunal to make that determination on the evidence it has already taken. It is in no way a terminal or complete resolution of the case before it. In this situation, an appeal is premature and would result in piecemeal resolution of this matter. There is no reason one appeal will not suffice to determine all controverted issues in this case.

The appeal is dismissed.


ROBERT G. DOWD, JR., Judge


Lawrence E. Mooney, P.J. and
Sherri B. Sullivan, J., concur.

4