MISSOURI STATE DEPARTMENT OF
PUBLIC SAFETY, Appellant,

v.

Jonathan M. JENSEN, Respondent.

No. ED 104975

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

Filed: August 22, 2017

Motion for Rehearing and/or Transfer
to Supreme Court Denied
September 25, 2017

Application for Transfer Denied
November 21, 2017

Curtis M. Schube, P.O. Box899, Jefferson City, MO. 65102, for appellant.

Kevin J. Dolley, Mark J. Obermeyer, Co-Counsel, 2726 S. Brentwood Blvd, St. Louis, MO. 63144, for respondent.

## Opinion

Angela T. Quigless, J

The Missouri State Department of Public Safety (the "Department") appeals from the judgment of the Circuit Court of Cape Girardeau County remanding the case to the Administrative Hearing Commission (the "Commission") for a new hearing, and directing the Commission to issue findings of fact and conclusions of law. We conclude that the decision of the circuit court to remand the matter to the Commission is not a final judgment and dismiss the appeal for lack of jurisdiction.

### Factual and Procedural History

The Department filed a complaint with the Commission against Jonathan M. Jensen ("Jensen"), claiming cause existed to discipline Jensen's peace officer license, pursuant to Sections 590.080.1(2) and (3) RSMo Cum. Supp. 2007.[1] The Department alleged Jensen committed the offense of perjury, in violation of Section 575.040,[2] and the offense of making a false report, in violation of Section 575.080 RSMo Cum. Supp. 2007, in connection with Jensen's participation in a DWI checkpoint taskforce. Thereafter, the parties filed a Joint Motion for Consent Order, Joint Stipulation of Facts and Conclusions of Law, and Waiver of Hearing before the Administrative Hearing Commission (the "Joint Motion"). As part of the Joint Motion, Jensen

---

1. All further statutory references are to RSMo 2000, unless otherwise indicated. Section 590.080.1 provides in relevant part:
   1. The director shall have cause to discipline any peace officer licensee who:
   . . .
   (2) Has committed any criminal offense, whether or not a criminal charge has been filed;
   (3) Has committed any act while on active duty or under color of law that involves moral turpitude or a reckless disregard for the safety of the public of any person[.]

2. Later, the Department decided not to pursue the perjury allegation.

acknowledged and voluntarily waived his right to a hearing before the Commission, which, pursuant to Section 590.080.2, is required in order to determine whether the Director of the Missouri Department of Public Safety's Peace Officer Standards and Training ("POST") Commission has cause for discipline.

Pursuant to the Joint Motion, the Commission entered a Consent Order, concluding Jensen was subject to discipline. The Commission acknowledged the parties stipulated to certain facts and waived their right to a hearing. The Commission also incorporated the parties' proposed findings of fact and conclusions of law into the Consent Order. Thereafter, POST's Director held a hearing to determine the form of discipline to be imposed as required by Section 590.080.3. Following the hearing, the Director issued an order permanently revoking Jensen's peace officer license. Jensen filed a Motion to Reconsider and Stay Order, which the Director granted. The Director then held another disciplinary hearing and issued a new order suspending Jensen's license for one year and placing Jensen's license on probation for five years at the end of the suspension period.

Jensen filed a petition with the circuit court, seeking judicial review of the Commission's decision to issue a Consent Order and the POST Director's decision to discipline Jensen's peace officer license. Specifically, Jensen argued, *inter alia*, that the decision was improper and violated his procedural due process rights because the Commission deprived him of his right to a hearing as required by Section 590.080.2. Jensen argued that the Commission did not have the authority to dispose of a "cause" decision without a hearing by issuing a consent order.

The circuit court entered judgment in favor of Jensen, finding the Director's decision was not made upon lawful procedure and Jensen was deprived of a fair trial. The court found Section 590.080.2 requires the Commission to conduct a hearing to determine whether the Director has cause for discipline, and there is no procedure for waiver of the hearing. The court concluded:

> Because the Director's decision was entered without the necessary hearing the decision of the Director of the Department of Public Safety is REVERSED and REMANDED for a new hearing before the Administrative Hearing Commission to determine whether the Director has cause to discipline [Jensen's] license a peace officer [sic]. The Commission shall issue findings of fact and conclusions of law on the matter.

On November 4, 2016, the Department filed a notice of appeal in this Court. Thereafter, this Court issued an Order requesting the parties address the jurisdictional issue of whether the circuit court's judgment is a final, appealable order.

### Discussion

A party may seek judicial review of an agency decision by filing a petition with the proper circuit court. Section 536.110.1. After reviewing the Commission's decision, the circuit court "shall render judgment affirming, reversing, or modifying the agency's order, and may order the reconsideration of the case in the light of the court's opinion and judgment, and may order the agency to take such further action as it may be proper to require[.]" Section 536.140.5 RSMo Cum. Supp. 2007. Pursuant to Section 536.140.6, a party may appeal from the judgment of a court reviewing an agency decision as in other civil cases.

Section 512.020(5) RSMo (Cum. Supp. 2007) provides that any party aggrieved by a decision of a trial court may appeal from any final judgment in the

case. *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011). A decision is final for purposes of appeal when the agency arrives at a terminal, complete resolution of the case before it. *Fowler v. T.J. Ahrens Excavating, Inc.*, 431 S.W.3d 561, 562 (Mo. App. E.D. 2014). A final and appealable judgment disposes of all issues and all parties in the case, leaving nothing for future determination. *Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 549 (Mo. App. E.D. 2006).

Generally, a cause remanded to an agency does not constitute a final judgment, and therefore, is not appealable. *Schrock v. Gan*, 494 S.W.3d 631, 636 (Mo. App. W.D. 2016). For instance, appeals are not authorized when there is a remand to an administrative agency for consideration of additional evidence or further proceedings. *See Taylor v. Civil Serv. Comm'n*, 969 S.W.2d 763, 764 (Mo. App. E.D. 1998); *Giesler v. City of Ste. Genevieve*, 943 S.W.2d 793, 793 (Mo. App. E.D. 1997). Furthermore, whether a decision may be appealed depends on whether or not there was a determination of the underlying merits of the case. *Fowler*, 431 S.W.3d at 562. If the case was remanded without a determination of the underlying merits, the appellate court should dismiss for lack of a final judgment. *Id.*

However, when the circuit court remands a case back to the Commission based on insufficient evidence to support the Commission's decision or because the Commission's decision is not supported by substantial and competent evidence, there is a final judgment for purposes of appeal. *Buchheit, Inc. v. Missouri Comm'n on Human Rights*, 215 S.W.3d 268, 275 (Mo. App. W.D. 2007) (circuit court's judgment was final for purposes of appeal because the basis for remanding the Commission's

decision was a lack of sufficient evidence to support it). In such cases, the decision to remand has been made after a decision on the merits. *Id.*

Here, the circuit court remanded the case to the Commission because it found the decision was not made upon lawful procedure, and Jensen was deprived of a fair trial when the Commission failed to conduct a disciplinary hearing as required by Section 590.080.2. The circuit court ordered the Commission to hold a hearing to consider whether the Director has cause to discipline Jensen's peace officer license, and issue findings of fact and conclusions of law on the matter. We find the circuit court's order was not final because, on remand, the Commission will be required to make new factual findings based on the evidence presented by the parties, and decide mixed questions of law and fact that it previously did not consider. *See Schrock*, 494 S.W.3d at 636. For example, determining whether there is cause to discipline will require the Commission to take a closer look at the surrounding circumstances, including evidence of the police department's DWI checkpoint policy and training, and the reasoning behind Jensen's actions. Because the Commission failed to hold a hearing to independently determine the question of cause, it is similar to the circuit court remanding because the Commission has made insufficient factual findings. We find the Commission's failure "prevents this Court from performing its appellate function on the merits of the cause, thus resulting in the appeal being premature." *Iron Cty. v. State Tax Comm'n*, 480 S.W.2d 65, 71 (Mo. 1972).

Furthermore, both parties conceded during oral argument that the circuit court's judgment did not dispose of all issues raised in the judicial review.[3] We

---

3. We note that Respondent argued in its appellate brief that the trial court's judgment *did*

dispose of all issues raised in the judicial review.

agree and find the court did not address the underlying merits of the case—specifically, whether cause existed for discipline. Rather, the circuit court remanded the matter to *the Commission* to independently determine the question of cause. Thus, the circuit court's remand leaves open a part of the case that, theoretically, could result in a ruling in Jensen's favor that there was no cause for discipline. *See Tendai v. Missouri State Bd. of Registration*, 77 S.W.3d 1, 2 (Mo. banc 2002) (circuit court's partial reversal and remand left open live issue that could result in a ruling that would moot the appeal). Where there are unanswered questions, there is not a terminal, complete resolution of the case. *See Fowler*, 431 S.W.3d at 562.

Accordingly, because the cause was remanded to the Commission for further proceedings and factual findings, and the merits of the case were not considered, we find the circuit court's judgment is not final. Therefore, this Court lacks jurisdiction to entertain this appeal.

## Conclusion

The appeal is dismissed, and the cause is remanded to the Commission.

Gary M. Gaertner, Jr., P.J., and Robert M. Clayton III, J., Concur.