Warda L. DAVIS, Respondent,

v.

GENERAL ELECTRIC COMPANY
and Electric Mutual,
Appellants.

No. 21518.

Missouri Court of Appeals,
Southern District,
Division One.

April 27, 1999.

Raymond E. Whiteaker, Whiteaker & Wilson, P.C., Springfield, for Appellant.

William D. Powell, Daniel, Clampett, Powell & Cunningham, L.L.C., Springfield, for Respondents.

Before PREWITT, P.J., CROW, J., and GARRISON, C.J.

PER CURIAM.

General Electric Company ("Employer") and Electric Mutual ("Insurer") appeal from a judgment of the Circuit Court of Greene County affirming a "Final Award Allowing Compensation" issued by the Labor and Industrial Relations Commission ("Commission"). The award granted benefits to Warda L. Davis ("Employee") under The Workers' Compensation Law, chapter 287, RSMo 1969, as amended.[1]

Employer and Insurer, henceforth referred to collectively as "Appellants," present two assignments of error.

Appellants' second point, which this court addresses first, avers that Commission and the circuit court erred in "finding Employee's claim was not barred by the statute of limitations in effect at the time of Employee's injury."

As noted earlier,[2] Employee was injured February 14, 1973. At that time, § 287.430, RSMo 1969, was in force. It read, in pertinent part:

"No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed ... within one year after the injury ..., or in case payments have been made on account of the injury ..., within one year from the date of the last payment...."

For convenience, this opinion henceforth refers to the above statute as "the 1969 statute of limitation."[3]

Discussion of Appellants' second point requires an account of the procedural history of this case.

February 25, 1983 (ten years and eleven days after the injury). Employee files claim.

May 18, 1990. An administrative law judge ("ALJ") of the Division of Workers' Compensation holds an evidentiary hearing.

September 18, 1990. ALJ denies claim on ground that it "is barred by the statute of limitations." ALJ rejects Employee's contention that payments made by Employer's "group health insurance carrier" (a different insurance company than Insurer) were payments "made on account of the injury" and hence extended the deadline for filing the claim.[4]

October 9, 1990. Employee files application for review with Commission. Sole claim of error is that ALJ wrongly held the claim was barred by the 1969 statute

---

1. As explained *infra*, the claim arose from an accident that occurred February 14, 1973. That date, together with § 287.490, RSMo 1994, is the reason the appeal from Commission's award went to the circuit court instead of directly to this court. Subsection 3 of § 287.490 provides that said statute applies "to disputes based on claims which arose prior to August 13, 1980." Subsection 1 of § 287.490 provides that an appeal from a final award of Commission may be taken to the circuit court of the county in which the accident occurred. The version of chapter 287 in force when Employee was injured was the version in RSMo 1969, as amended.

2. Footnote 1, *supra*.

3. The 1969 statute of limitation was amended by Laws of Missouri 1980, C.C.S.H.B. 1396, pp. 358–79. The amendment, *inter alia*, granted a claimant two years to file a claim after the injury. There is no contention in this appeal that the 1980 amendment applies to Employee's claim.

4. The ALJ reasoned:

"[Employee's contention] would be a valid argument if the employer's group medical insurance paid one hundred percent of the charges and if the employee were led to believe that the bills were still being processed through workers' compensation. However, this is not the case because there was a different procedure used in order to submit the bills through the group insurance as opposed to workers' compensation, and the employee was subject to liability in the amount of 15 percent of the total amount of medical bills incurred. The change in procedure and additional cost to the employee are sufficient to notify her that the medical treatment was being denied by her employer and that she should file a formal claim for compensation in order to protect her rights under the Missouri Workers' Compensation Law."

of limitation. Employee maintains ALJ should have ruled that the payments by Employer's "group medical insurance carrier" within the "period of limitation" extended the deadline, and the claim was filed within the enlarged "period of limitation."

January 10, 1992. Commission (in a two-to-one decision) affirms ALJ's decision and awards no compensation.[5]

February 6, 1992. Employee files notice of appeal to Circuit Court of Greene County.[6]

May 28, 1993. Circuit court enters judgment reversing Commission's denial of benefits. Circuit court holds 1969 statute of limitation "was tolled by the payment of medical bills by the employer through the fringe benefit health insurance plan provided by the employer." Consequently, declares circuit court: "[T]he claim is not barred by the Statute of Limitation." Circuit court remands claim to Division of Workers' Compensation for further proceedings.

June 29, 1993. Appellants file notice of appeal to this court from circuit court's judgment. Appeal is assigned number 18909.

July 29, 1993. This court issues order for Appellants to show cause why appeal 18909 should not be dismissed. The order notes, in pertinent part, "that the order entered by the Circuit Court of Greene County ... from which appellants ... seek to appeal, may not be appealable in that the action below was remanded ... for further proceedings" before the Division of Workers' Compensation. The order cites *Labor and Industrial Relations Commission v. Hoffman*, 825 S.W.2d 874 (Mo.App. W.D.1992), which dismissed an appeal from a circuit court order remand-

ing to the Commission for additional proceedings in an employment security case.

August 16, 1993. Appellants voluntarily dismiss appeal 18909 without making response to the issue of appealability raised in the order of July 29, 1993.

January 22, 1996. Commission unanimously issues award granting Employee compensation for injury.

February 21, 1996. Appellants file notice of appeal from Commission's award to Circuit Court of Greene County.

January 7, 1997. Circuit court enters judgment affirming Commission's award.

February 14, 1997. Appellants file notice of appeal to this court from circuit court's judgment. This opinion addresses that appeal.

As reported earlier, Appellants' second point proclaims that Commission and the circuit court erred in concluding that Employee's claim was not barred by the 1969 statute of limitation. Employee responds to Appellants' second point by arguing that the medical payments by Employer's group health insurance carrier extended the one-year period of limitation and the claim was filed within the extended period.

This court, *sua sponte*, observed that inasmuch as Appellants voluntarily dismissed appeal 18909, thereby allowing the circuit court's judgment of May 28, 1993, to stand unchallenged, said judgment may have become the law of the case—a doctrine discussed *infra*—thereby barring Appellants from asserting in the instant appeal that Employee's claim is barred by the 1969 statute of limitation. This court invited further briefing and argument by the parties regarding that issue. The parties, in supplemental briefs and argument, addressed it.

5. The dissenting member of Commission embraced Employee's contention that the payments by Employer's group health insurance carrier extended the 1969 statute of limitation. The dissenter also concluded that Employer, having directed Employee to submit

her medical bills to the group health insurance carrier, was "estopped from denying [Employee's] claim on the basis of the statute of limitations."

6. Footnote 1, *supra*.

■ Having considered the parties' briefs and arguments on that issue, this court, for the reasons set forth below, holds Appellants' second point is barred by the doctrine of the law of the case; hence this court does not reach the merits of the second point.

■ The doctrine of the law of the case is that an adjudication in an earlier appeal in the case is the law of the case as to all questions directly raised and passed upon, and is also the law of the case as to matters which arose prior to the first appeal and might have been raised thereon but were not. *Steen v. Colombo*, 799 S.W.2d 169, 174[5] (Mo.App. S.D.1990), citing *Norris v. Bristow*, 361 Mo. 691, 236 S.W.2d 316, 319 (1951). The doctrine does not apply when the former ruling was palpably wrong, when there is a substantial difference in the evidence and facts upon the two trials, or where injustice would be done by adhering to the earlier adjudication. *Steen*, 799 S.W.2d at 174[6], citing *Norris*, 236 S.W.2d at 319, and *Mangold v. Bacon*, 237 Mo. 496, 141 S.W. 650, 655 (banc 1911).

Whether Employee's claim was barred by the 1969 statute of limitation was the first issue decided in this case. As we have seen, the ALJ decided that issue adversely to Employee on September 18, 1990. Commission affirmed the ALJ's decision on that issue January 10, 1992.

On appeal by Employee from Commission's decision, the circuit court reversed Commission on May 28, 1993. The circuit court (1) squarely held Employee's claim was not barred, and (2) remanded the claim to the Division of Workers' Compensation for further proceedings.

Appellants undertook to challenge the circuit court's ruling by appeal to this court (appeal 18909), but dismissed the appeal August 16, 1993. That left the circuit court's judgment of May 28, 1993, intact.

As this court comprehends the record, when this case was remanded to Commission following Appellants' dismissal of appeal 18909, Commission did not send the case back to the Division of Workers' Compensation. Instead, Commission permitted "rebriefing by the parties," then issued its award granting compensation based on a "review of the hearing record" (evidently the transcript of the testimony and the exhibits presented to the ALJ at the hearing May 18, 1990). Consequently, no new evidence was presented on the statute of limitation issue after Appellants dismissed appeal 18909 on August 16, 1993.

Commission's award of January 22, 1996, granting Employee compensation for the injury, demonstrates that Commission believed the statute of limitation issue had been finally resolved favorably to Employee and adversely to Appellants when Appellants dismissed appeal 18909 on August 16, 1993. Commission's award of January 22, 1996, reads, *inter alia:*

> "Following resolution of the issues set forth on appeal,[7] we find the following issues remain to be decided; causation, additional TTD owed, liability of past medical expenses and necessity of future medical care. Claimant does not seek permanent partial or permanent total disability benefits."

Commission's assumption that the statute of limitation issue was finally resolved when Appellants dismissed appeal 18909 on August 16, 1993, was correct.

Employee's appeal to the circuit court on February 6, 1992, was the first appeal in this case. As recounted earlier, the circuit court, on May 28, 1993, held Employee's claim was not barred by the 1969

---

7. Obviously, the appeal to which Commission was referring was the appeal that began when Employee appealed to the circuit court on February 6, 1992. That appeal ended when Appellants dismissed appeal 18909 in this court on August 16, 1993. As noted earlier, the only issue during that appeal was whether Employee's claim was barred by the 1969 statute of limitation.

statute of limitation. Although Appellants brought appeal 18909 to this court from the circuit court's judgment, Appellants permitted the circuit court's judgment to stand when they dismissed appeal 18909 on August 16, 1993. Under the doctrine of the law of the case, the circuit court's judgment of May 28, 1993, became the law of this case from and after August 16, 1993, unless one of the exceptions to that doctrine applies.

As noted earlier, no new evidence was presented to Commission on the statute of limitation issue—or any other, for that matter—after the 1993 remand. Thus, the exception to the doctrine based on new or different evidence could have no application.

The only exception argued by Appellants is that to deny review on the merits of the statute of limitation issue works an injustice on them. Largely, Appellants claim an unjust result by arguing that the present appeal is the first time they could get appellate review by this court of the statute of limitation issue. However, we decline to decide whether or not this court would have been able to rule on the merits of the original appeal, number 18909. Had we proceeded at the time to a judicial determination that we had no jurisdiction to rule on the merits of appeal 18909, and dismissed the appeal accordingly, and had Appellants thereafter exhausted whatever remedies they had by way of reviewing that dismissal, Appellants' assertion might command more attention.

As it was, Appellants had the opportunity to litigate the issue of the application of the 1969 statute of limitation, and availed themselves of that opportunity through the original administrative proceedings and appeal to the circuit court. As noted above, no further evidence was taken, and the statute of limitation issue was not revisited in the proceedings following remand and terminating with the circuit court judgment of January 7, 1997, now being appealed to this court.

We believe, relevant to the inquiry concerning possible injustice, that Appellants' voluntary dismissal of their first appeal was inconsistent with a determination to challenge the circuit court's judgment of May 28, 1993, on the sole issue that judgment actually decided with regard to the 1969 statute of limitation. In this connection, we do not view our order of July 29, 1993, challenging Appellants to show that appeal 18909 was not subject to dismissal, as either an adjudication of the appealability of the May 28, 1993, judgment, or an invitation for Appellants to abandon the appeal that they had taken from that judgment.

Under the circumstances of this case, we conclude that the application of the doctrine of the law of the case is not unduly harsh or unjust to Appellants. We are also mindful of the fact that courts depart from the law of the case only in rare instances. *See Student Loan Marketing Ass'n v. Raja*, 914 S.W.2d 825, 830 (Mo. App. W.D.1996). Accordingly, the law of the case is that Employee's claim is not barred by the 1969 statute of limitation, and Appellants' second point, asserting Employee's claim is barred by that statute, is not reviewable on its merits.

We now address Appellants' first point, in which they argue that Commission erred in finding a causal relationship between Employee's injuries and the 1973 accident. Appellants rely on conflicts in the evidence, specifically differences in opinion among Employee's physicians, in support of their contention that no substantial evidence supports Commission's conclusion. We recount below the portion of the record relevant to Appellants' argument.

On February 14, 1973, Employee received an electric shock while on the job. Immediately afterward, she complained of a severe headache, blisters and sores in her mouth, and a racing heartbeat. At Employer's behest, she saw Dr. H.A. Lowe, Jr., who examined her and performed three electrocardiograms ("EKGs")

during the two weeks following the accident. The first two EKGs revealed an "inverted T-wave," an apparently atypical finding. The third was normal, and sometime thereafter Dr. Lowe released Employee to return to work.

In the ensuing years, Employee continued to have headaches and an irregular or racing heartbeat, and she consulted several physicians about the problem. On June 17, 1980, Employee, complaining of irregular heartbeat, fatigue, anxiety, and nausea, saw Dr. Joseph Byers, a primary care physician. He diagnosed cardiac arrhythmia subject to premature ventricular contractions, and prescribed medication to regulate Employee's heartbeat. Dr. Byers continued to treat Employee through May 11, 1990, when he was deposed in the instant case. When asked at his deposition if he had an opinion, based upon reasonable medical certainty, as to whether Employee's heart problems were related to the 1973 electric shock, Dr. Byers answered, "I would think it probably was related to that." Dr. Byers referred Employee to Dr. J.R. Waterfield, an internist, in 1980. Dr. Waterfield examined Employee, and found that she "had no evidence of significant heart disease." He had no opinion about a potential connection between the 1973 electric shock and Employee's symptoms.

In June 1982, Employee was hospitalized after complaining of chest pain. Dr. Joseph Hills, a cardiologist, examined her, and diagnosed "musculoskeletal chest pain," but "[n]o evidence of cardiovascular disease." In a December 1982 letter to Dr. Lowe, Dr. Hills opined that Employee "has never had any real evidence of organic heart disease, no angina, no orthopnea, PND or pedal edema." He stated further:

"... I feel the etiology of her VPC's is unknown. The possibility that these are caused by an electrical shock, without other evidence of cardiac disease, is possible, but I think it is remote. The etiology of benign VPC's is unknown

and I think this patient falls in the unknown category."

In 1985, per Dr. Byers's referral, Employee saw another cardiologist, Dr. Harold Christiansen. Dr. Christiansen found "no evidence for [sic] any significant cardiovascular disease," and expressed no opinion on the possibility of a relationship between Employee's complaints and the 1973 electric shock.

Employee testified that she had never experienced or sought treatment for any problems with her heart, including a racing or irregular heartbeat, before the 1973 electric shock. Her husband gave similar testimony, stating that she had never complained of any heart problems before that time. An EKG performed several months prior to the 1973 electric shock yielded normal results.

In its award, Commission discussed the opinions of Employee's physicians, and noted that Dr. Waterfield and Dr. Christiansen found no evidence of cardiac disease, and that Dr. Hills deemed it unlikely that Employee's condition was caused by the 1973 electric shock. Citing Dr. Byers's testimony, however, it concluded that Employee had adequately proved a causal connection between her complaints and the shock.

■ We review Commission's award with the awareness that determinations regarding the credibility of witnesses and the weight of the evidence are its prerogative, and we will not supplant its judgment on the evidence with our own. *Davis v. Research Medical Center*, 903 S.W.2d 557, 571 (Mo.App. W.D.1995). In the first step of a two-step analysis, we examine the whole record, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the award, to ascertain whether the record contains sufficient competent and substantial evidence to support the award. *Id.* If this is so, we then move to the second step, in which we view the evidence in the light most favorable to the award, but must consider all evidence in the record, including that which opposes

or is unfavorable to the award, take account of the overall effect of all of the evidence, and determine whether the award is against the overwhelming weight of the evidence. *Id.* If a finding or award of Commission clearly results from an interpretation or application of law, as distinguished from a determination of facts, it does not bind this court but rather falls within our province of independent review and correction where erroneous. *Id.*

In a workers' compensation case, the claimant must prove all of the essential elements of his claim, including a causal connection between the accident and the injury, by a reasonable probability. *Fischer v. Archdiocese of St. Louis*, 793 S.W.2d 195, 198 (Mo.App. E.D.1990). In cases involving medical causation, which is not within the common knowledge or experience, he must present medical or scientific evidence showing the cause and effect relationship between the complained-of condition and the asserted cause. *McGrath v. Satellite Sprinkler Systems, Inc.* 877 S.W.2d 704, 708 (Mo.App. E.D.1994).

Generally, a statement of medical opinion must be one of reasonable medical certainty to support a finding of a causal relationship between the accident and the injury. *Carter v. Jones Truck Lines, Inc.*, 943 S.W.2d 821, 826 (Mo.App. S.D.1997). In some instances, however, a more equivocal statement of medical opinion will suffice when coupled with lay testimony supporting the proffered theory of causation. *Johnson v. Duenweg Fire Dept.*, 735 S.W.2d 364, 367 (Mo.banc 1987); *Choate v. Lily Tulip, Inc.*, 809 S.W.2d 102, 105–06 (Mo.App. S.D.1991); *Martin v. City of Independence*, 625 S.W.2d 940, 942 (Mo.App. W.D.1981).

Appellants contend that Commission erred in finding a causal relationship between Employee's heart problems and the 1973 electric shock. They first point out that Dr. Byers is not a cardiologist, and that the opinions of Dr. Hills and Dr. Christiansen, who are both cardiologists, do not support Employee's theory of causation. While they imply that Dr. Hills's and Dr. Christiansen's opinions merit more weight than that of Dr. Byers, Appellants do not contend that Dr. Byers was not qualified to render an opinion on the cause of Employee's condition. They likewise fail to cite any authority for the proposition that Commission was obligated to give more weight to the testimony of a specialist over a general practitioner. Commission was free to believe Dr. Byers's opinion, and Appellants have not persuaded us that it erred in doing so.

Appellants next argue that Dr. Byers's opinion that the 1973 electric shock was "probably related" to Employee's heart problems is not sufficiently certain to support Commission's award. In support, they rely on *White v. Henderson Implement Co.*, 879 S.W.2d 575, 580 (Mo. App. W.D.1994), in which the court held that medical testimony of the claimant's expert was too indefinite to constitute substantial evidence that the claimant's injury was caused by his accident at work. Appellants invite us to draw a parallel between the expert in *White* and Dr. Byers in the instant case, an invitation we decline. The expert in *White* testified only that the claimant's theory of causation was possible, and stated repeatedly that he did not actually know the cause of the claimant's injury. *Id.* at 578–80. Dr. Byers, in contrast, testified that a causal relationship between Employee's condition and 1973 electric shock was "probable."

Appellants' assertion that this statement, standing alone, would not support Commission's award is correct, because Dr. Byers testified with a reasonable medical certainty only that Employee's condition was *probably* related to the 1973 electric shock, not that it actually *was* related to it. *See Carter*, 943 S.W.2d at 826–27. However, Commission, citing *Choate*, 809 S.W.2d at 105–06, emphasized that expert testimony must be analyzed in the context of all of the evidence, so that a less than direct statement of reasonable

medical certainty, combined with other corroborating evidence, may be sufficient to establish causation. In the instant case, Employee had no history or indications of heart trouble before the 1973 electric shock, and began experiencing problems immediately thereafter. The combination of this evidence and Dr. Byers's testimony provides adequate support for Commission's award. *See Johnson,* 735 S.W.2d at 367–68; *Martin,* 625 S.W.2d at 941–42. We therefore deny Appellants' first point.

Commission's award is affirmed.

PHILLIP R. GARRISON, Chief Judge, dissenting.

I respectfully dissent. In my opinion, the "law of the case" doctrine should not be applied to prevent a review of the issues raised by Appellants on this appeal. As referred to in the majority opinion, that doctrine recognizes a former adjudication as the law of the case as to all questions directly raised and passed upon, and also as to matters which arose prior to the first appeal and might have been raised thereon but were not. *Steen v. Colombo,* 799 S.W.2d 169, 174 (Mo.App. S.D.1990). Furthermore, the doctrine does not apply when the former ruling was palpably wrong, when there is a substantial difference in the evidence and facts upon the two trials, or when injustice to the rights of the parties would be done by adhering to the first opinion. *Id.* In my mind, adhering to the first opinion would do an injustice to the rights of the parties in this case.

The circuit court held that the statute of limitations had been tolled by the payment of medical bills by Employer's group health insurance carrier, and that Employee's claim was timely filed. It, therefore, reversed the decision of the Commission denying Employee's claim, and remanded the claim to the Division of Worker's Compensation for further proceedings. When that decision was appealed to this Court, we entered an order on July 29, 1993, saying that the case "may not be appeal-

able in that the action below was remanded to the Division of Worker's Compensation for further proceedings." The order went on to recite that an "[a]ppeal of a remand for consideration of additional evidence is not authorized by § 512.020 RSMo and thus there is no appeal from such an order." In support, we cited *Labor and Industrial Relations Commission v. Hoffman,* 825 S.W.2d 874, 876 (Mo.App. W.D.1992).

In *Hoffman,* the respondent filed an appeal from an administrative determination by the Division of Employment Security. The appeals tribunal ruled that the appeal was not timely. The respondent appealed that judgment to the Labor and Industrial Relations Commission which adopted the same finding. The respondent then appealed to the circuit court which found that the appeal had been timely, and remanded the case to the Commission for further proceedings. The Commission and Division appealed the circuit court's ruling. The dispositive issue was whether the circuit court's order was appealable. The Court of Appeals, Western District, concluded that it was not, saying that only final awards, disposing of all parties and issues are appealable, and that a remand for consideration of additional evidence is not such an award. *Id.* at 876. It stated:

> ... In the instant case there has been no decision on the merits. The circuit court reversed the decision of the Commission and determined that [the respondent's] appeal was timely filed. Finding the appeal timely filed, the circuit court remanded the cause for a determination of the merits, ... Thus, the circuit court has entered neither a final judgment nor an order from which § 512.020, RSMo 1986, has authorized an appeal. (Citation omitted.)

*Id.* Research indicates that no appellate court has distinguished *Hoffman* prior to this Court's order of July 29, 1993.

Under these circumstances, I believe that this Court effectively told Appellants

in its July 29, 1993, order that the order of the circuit court was not appealable. It is true that we gave Appellants an opportunity to show cause why the appeal should not be dismissed, and they did not attempt to do so. However, I believe that they should be excused from doing so because of the manner in which our order was worded. Our order contained a direct statement that an appeal from a remand for consideration of additional evidence is not authorized under § 512.020, and then cited *Hoffman* which so holds. Under these particular facts, I do not believe that we should adhere to the earlier determination by the circuit court by reason of the law of the case doctrine. Accordingly, I would decide this appeal on its merits.