Tommy **LOVEN**, Claimant–Respondent,

v.

**GREENE COUNTY, Employer–Appellant,**

and

**Missouri State Treasurer, as Custodian of the Second Injury Fund, Additional Party–Respondent.**

No. 24987.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 24, 2003.

William F. Ringer, Evans & Dixon, Kansas City, for Appellant.

Randy Charles Alberhasky, Springfield, for Respondent.

PHILLIP R. GARRISON, Judge.

Greene County ("the County") appeals from an award of the Labor and Industrial Relations Commission ("Commission")

finding that Tommy Loven ("Employee") was permanently and totally disabled as a result of a work-related injury. This is the second time this case has been here. The first is reported in *Loven v. Greene County,* 63 S.W.3d 278 (Mo.App. S.D.2001) (*"Loven I"*) and contains a much more detailed recital of the facts than is necessary here.

Employee sustained a back injury on July 29, 1997, when he fell while repairing a 200–pound truck tire for his employer, the County. At the time, he was almost forty-eight years old, 6′1″ tall, and weighed between 375 and 390 pounds. Following that injury, Employee was examined and treated by several physicians, as was comprehensively described in *Loven I.* The evidence before the Commission included evidence of a subsequent incident that occurred in October 1997 ("the October 1997 occurrence") when Employee was changing a flat tire on his pickup, and experienced "some recurrence of back pain." The October 1997 occurrence was not referred to in *Loven I* because it was not an issue in that appeal.

The Commission initially entered an award ("Award One") against the Second Injury Fund ("the Fund") and the County, finding that Employee was totally and permanently disabled because of a combination of the July 1997 back injury and his pre-existing obesity. Consequently, the Commission ordered the County to pay benefits for permanent partial disability of thirty percent of the body as a whole, referable to the low back, and ordered the Fund to pay benefits for total permanent disability. Award One was reversed in *Loven I,* to the extent that it awarded benefits against the Fund, because of a lack of evidence that Employee's obesity was a preexisting permanent partial disability of such seriousness as to constitute a hindrance or obstacle to employment or to obtaining reemployment. The case was remanded to the Commission for further proceedings, including consideration of whether Employee should receive an award for permanent total disability against the County.

On remand, the Commission entered an award ("Award Two") finding that the combination of Employee's obesity and his low back injury of July 1997 rendered him permanently and totally disabled, and it awarded benefits accordingly against the County. In doing so, the Commission found that Employee's "preexisting morbid obesity was asymptomatic until such time as he injured his lower back at work on July 29, 1997 and the work injury was a substantial factor in causing the obesity to become symptomatic and a disability." The Commission also noted that it had found Employee to be permanently and totally disabled in Award One, and that finding had not been disturbed in *Loven I.* The County appeals the award of permanent total disability benefits against it.

In reviewing a workers' compensation award, we review the findings of the Commission and not those of the administrative law judge ("ALJ"), unless the Commission incorporates the ALJ's award and decision, in which event we consider the findings and conclusions of the Commission as including the ALJ's award. *Loven I* at 282. The credibility of witnesses and the weight of the evidence are matters for determination by the Commission, and we will not supplant its judgment on the evidence with our own. *Davis v. Research Medical Center,* 903 S.W.2d 557, 571 (Mo. App. W.D.1995).

The County contends that the Commission erred in finding that Employee was permanently totally disabled due to the July 1997 accident because there was not sufficient competent evidence in the record to warrant the making of the award based on the following: (1) there was no compe-

tent and substantial evidence upon which to base a determination that the July 1997 injury, in and of itself, caused the disability; (2) there was no medical opinion in the evidence containing any medical conclusion that Employee was permanently totally disabled solely due to the July 1997 accident; (3) all the medical opinions in evidence were consistent in stating that the permanent residuals from the July 1997 accident were permanent partial in nature as opposed to permanent total; and (4) the failure of the Commission to address the issue of permanent residual disability attributable to the non-occupational October 1997 occurrence, which was "almost identical" to the July 1997 injury as to the manner of occurrence and the body part injured, warrants a remand to consider the competent and substantial evidence.

■ The Commission found in Award One that Employee was permanently and totally disabled, a finding which the Commission in Award Two noted was not disturbed in *Loven I.* In Award Two, the Commission specifically found that the work-related injury in July 1997 was a substantial factor in causing Employee's disability. The County does not directly attack that finding or the fact that Employee is permanently and totally disabled. Rather, the County's first three contentions referred to above focus on an alleged lack of evidence to establish that the July 1997 accident "in and of itself" or "solely" caused Employee's permanent partial disability. These contentions are without merit for several reasons.

First, they are premised on an alleged lack of evidence that the July 1997 work-related injury caused Employee's permanent total disability. Contrary to this contention, the record contains evidence to support the Commission's finding. For instance, Dr. Andrew Myers ("Dr. Myers"), an examining physician, testified that in his opinion, Employee was permanently totally disabled as a result of that accident.

■ Second, under Section 287.020.2,[1] an injury is compensable if it is clearly work-related. That section explains that "[a]n injury is clearly work related if work was a substantial factor in the cause of the resulting medical condition or disability," and "[a]n injury is not compensable merely because work was a triggering or precipitating factor." However, a work-related accident can be both a triggering event and a substantial factor. *Cahall v. Cahall,* 963 S.W.2d 368, 372 (Mo.App. E.D.1998). Section 287.020.3(2)(a) provides, in part, that an injury is deemed to arise out of and in the course of the employment if, among other things, it is reasonably apparent, upon consideration of all the circumstances, that the employment is a substantial factor in causing the injury.

■ Contrary to the County's contention, Sections 287.020.2–.3 do not require that a work-related injury be the "sole" cause of Employee's disability, but instead they provide for the "substantial factor" test. The Commission, on remand, found that the work-related injury of July 1997 was a substantial factor in causing Employee's permanent total disability. This finding is not attacked by the County on this appeal. An appellant's failure to challenge a finding and ruling that would support the conclusion complained about is fatal to an appeal. *See Landry v. Miller,* 998 S.W.2d 837, 840 (Mo.App. W.D.1999). These contentions are without merit and are denied.

■ In its last contention, the County argues that the Commission erred in failing to address the issue of permanent re-

1. All references to statutes are to RSMo (2000) unless otherwise indicated.

sidual disability attributable to the October 1997 occurrence, which was non-occupational, and which the County describes as "almost identical" to the July 1997 injury. This contention fails for several reasons.

In Award One, the ALJ made the following finding:

> Also, in giving consideration to [Employee's] present medical condition, the [County] asserts that [Employee] suffered a separate and subsequent accident in October 1997 while changing a flat tire on his automobile. After consideration and review of the evidence, I find and conclude that his activity involved nothing more than a short term aggravation of back pain, and is not causally related to [Employee's] present medical condition. This subsequent tire incident is not an intervening event and is of no relationship to [Employee's] present medical condition. Notably, Dr. Belz observed similar findings immediately before and after this tire incident. The flat tire change in October 1997 caused no permanent change or deterioration in [Employee's] symptomology.

The Commission incorporated the ALJ's award and decision in Award One. Thus, as indicated earlier, the ALJ's award becomes a part of the Commission's award. In *Loven I*, however, there was no appeal from the Commission's findings relating to the October 1997 occurrence and its impact on Employee's condition.

An adjudication in an earlier appeal in a case is the law of the case as to all questions directly raised and passed upon, and also as to matters which arose prior to the first appeal and might have been raised but were not. *Davis v. General Elec. Co.*, 991 S.W.2d 699, 703 (Mo.App. S.D.1999). That doctrine, however, does not apply when the former ruling was palpably wrong, when there is a substantial difference in the evidence and facts upon the two trials, or where injustice would be done by adhering to the earlier adjudication. *Id.*

Here, we perceive no reason why the earlier ruling concerning the October 1997 occurrence was palpably wrong. Certainly, there is no suggestion that the ALJ incorrectly interpreted the evidence in making the above referenced finding. The same evidence was reviewed by the Commission in making both Award One and Award Two. Finally, we are unable to conclude that an adherence to the findings relating to that incident in Award One would result in an injustice. Consequently, the finding relating to the October 1997 occurrence in Award One is the law of the case, and the County's contention that the Commission erred in failing to reference it in Award Two is without merit.

Even if the County's contention were not precluded by application of the "law of the case" doctrine, its argument that "[t]here was simply no evidence offered as to residual disability and apportionment of such disability to the non-occupational injury" is without merit. We are not directed to any evidence in the record that would indicate the need for apportioning disability between the July 1997 work-related injury and the October 1997 occurrence. For instance, Dr. Myers, a physician specializing in occupational and industrial medicine, examined Employee at the request of his attorney. Although this examination occurred after the October 1997 occurrence, Dr. Myers had reviewed Employee's previous medical records. Dr. Myers testified that in his opinion, the October 1997 occurrence was not a substantial contributing factor in bringing about Employee's complaints concerning his back and legs. He also said that there was no indication that the October 1997 occurrence made things worse, and that the "die was cast" before

that incident occurred. As indicated above, his opinion was that Employee was permanently totally disabled as a result of the July 1997 work-related injury.

The records of Dr. Norbert Belz ("Dr. Belz"), a treating physician, indicate that he saw Employee shortly before the October 1997 occurrence, with reduced back and leg pain following an epidural injection. Dr. Belz saw him again a week later, and related that Employee had "some recurrence of back pain," following that incident, but was some improved over his last visit.

The medical records also contain reports of examinations by Dr. William Berner ("Dr. Berner"). In September 1997, Dr. Berner examined Employee, and again saw him some two weeks after the October 1997 occurrence, at which time he related that Employee had no change in symptoms since his previous visit.

Based on the record in this case, even if the County's contention were not precluded by the law of the case doctrine, there was substantial evidence to support the conclusion that none of Employee's disability was attributable to the October 1997 occurrence. This portion of the County's contention is also denied.

The Commission's award is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.