

# *In the*
# *Missouri Court of Appeals*
## *Western District*

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD86602** |
| | ) | |
| **V.** | ) | **OPINION FILED:** |
| | ) | **APRIL 23, 2024** |
| **LARRY DANIEL BRASHIER,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### **Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Kevin Crane, Judge

Before Division Three: Cynthia L. Martin, Presiding Judge, Mark D. Pfeiffer, Judge and Edward R. Ardini, Jr., Judge

The State appeals from the trial court's interlocutory order granting Larry Brashier's ("Brashier") motion to suppress statements he made during a police interrogation while Brashier was being treated in the emergency room for a self-inflicted gunshot wound. The State asserts that the trial court committed clear error because the written order granting the motion to suppress is inconsistent with the trial court's oral statements during the suppression hearing as to whether Brashier was in custody at the time of the interrogation. Because the trial court's written order controls, and because the State does not otherwise challenge the sufficiency of the evidence to support the written order, we affirm.

## Factual and Procedural History

On June 30, 2023, the State charged Brashier with the class C felony of unlawful possession of a firearm in violation of section 571.070.[1] Brashier was accused of knowingly possessing a .40 caliber handgun on or about February 16, 2023, in Boone County, Missouri. The State alleged that Brashier was a prior offender and a persistent offender under section 558.016 because he had been convicted of two or more felonies at different times.

Brashier filed a motion to suppress statements he made to a Boone County Sheriff's Department deputy ("Motion to Suppress"). The Motion to Suppress asserted that Brashier's statements were obtained in violation of Brashier's rights against self-incrimination, to counsel, and to due process of law. Specifically, the Motion to Suppress alleged that Brashier was in custody at the time he was interrogated, and had not been adequately advised of his constitutional rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). The Motion to Suppress further alleged that Brashier's statements were not voluntarily made because of his mental and physical condition at the time he was interrogated.

---

[1]While unlawful possession of a firearm is typically a class D felony, section 571.070.2 provides that the offense is elevated to a class C felony if the person has been previously convicted of a dangerous felony as defined in section 556.061. The indictment indicated that in September 2007, Brashier was convicted of assault in the first degree. Section 556.061(19) includes assault in the first degree in its definition of "dangerous felony."

All statutory references are to RSMo 2016 as supplemented through February 16, 2023, unless otherwise indicated.

During a hearing on the Motion to Suppress, the only witness who testified was Deputy J. H., the Boone County Sheriff's Department deputy who interrogated Brashier. Deputy J. H. responded to a call regarding a self-inflicted gunshot wound involving Brashier. Deputy J. H. went to the hospital where Brashier was being treated within thirty minutes of receiving the call. Deputy J. H. knew at that time that Brashier was a convicted felon. Deputy J. H. questioned Brashier for approximately five to ten minutes. Deputy J. H. did not *Mirandize* Brashier. Deputy J. H. questioned Brashier in a room located in the hospital's emergency department while nurses were present. During the questioning, Brashier was lying on a gurney, had "wires hooked to him," and was on some form of medication. Deputy J. H. stood less than six inches away from Brashier during the questioning. Deputy J. H. asked the nurses present whether Brashier was "out of it." Deputy J. H. described Brashier's speech as "stuttering slightly" and "mumbling at points," but testified that Brashier's answers "made sense." Deputy J. H. admitted on cross-examination that Brashier "just moan[ed]" during parts of the questioning.

In response to questioning, Brashier told Deputy J. H. that he shot himself with a .40 caliber firearm. Deputy J. H. testified that he ended his questioning of Brashier when medical personnel began "working on" Brashier. Deputy J. H. left the hospital without placing Brashier under arrest.

Following Deputy J. H.'s testimony, the trial court heard arguments from the parties. The trial court indicated its intent to grant the Motion to Suppress. The trial court orally stated that it did not believe that Brashier's statements were involuntarily made, and that it did not believe that Brashier was in "police custody" at the time he was

3

questioned, but believed that Deputy J. H. should have read Brashier the *Miranda* warnings prior to asking Brashier questions because he was in the hospital being treated for a gunshot wound and was "not going anywhere." The State asked the trial court to confirm that it did not believe Brashier was in "custody" at the time he was questioned, which the trial court did. No party asked the trial court to include express findings of fact or conclusions of law in its order determining the Motion to Suppress.

After the hearing, the trial court made the following docket entry: "Hearing held on Defendant's motion to suppress Statements, State adduces Evidence and rests, Defendant adduces no evidence. Argument. Motion to suppress statements granted. TRD. KC/III (CD)" ("Order"). The Order did not state the reason or reasons for the trial court's determination.

Section 547.200.1(4) authorizes the State to file an interlocutory appeal from an order or judgment that has the effect of suppressing a confession or admission. The State timely filed an interlocutory appeal from the Order pursuant to the procedures set forth in Rule 30.02[2].

## Standard of Review

"The State has the burden at a suppression hearing to show by a preponderance of evidence that a motion to suppress should be denied and the evidence should be admitted." *State v. Vandervort*, 663 S.W.3d 520, 524 (Mo. App. W.D. 2023) (quoting

---

[2]Rule 30.02 sets forth the procedures to be followed when the State "is permitted by law to appeal an order or judgment that is not final judgment"

All rule references are to *Missouri Court Rules, Volume I -- State, 2023* unless otherwise indicated.

4

*State v. Wright*, 585 S.W.3d 360, 367 (Mo. App. W.D. 2019)). "In ruling on a motion to suppress, the trial court may believe or disbelieve all or any part of the testimony presented by the State, even if uncontradicted, and the court may find that the State failed to meet its burden of proof." *State v. Selvy*, 462 S.W.3d 756, 764 (Mo. App. E.D. 2015) (citing *State v. Avent*, 432 S.W.3d 249, 252 (Mo. App. W.D. 2014)).

Our review of the trial court's ruling on a motion to suppress evidence is limited to determining whether the ruling was clearly erroneous. *State v. Alford*, 603 S.W.3d 725, 729 (Mo. App. W.D. 2020). A trial court's ruling is clearly erroneous if we are "left with the definite and firm impression that a mistake has been made." *Id.* (quoting *State v. Lammers*, 479 S.W.3d 624, 630 (Mo. banc 2016)). "Where, as here, the trial court makes no findings of fact in ruling on the motion to suppress, we presume the trial court found all facts in accordance with its ruling," and presume that the trial court found all evidence and inferences contrary to the ruling as not credible or entitled to little-to-no weight. *Selvy*, 462 S.W.3d at 764 (citing *Avent*, 432 S.W.3d at 252); *see also State v. Abeln*, 136 S.W.3d 803, 808 (Mo. App. W.D. 2004) (holding on review of the grant of a motion to suppress that where "the parties have not requested findings of fact or conclusions of law and none are entered, the trial court is presumed to have made findings in accordance with the decree entered") (quoting *State v. Kampschroeder*, 985 S.W.2d 396, 398 (Mo. App. E.D. 1999)).

## Analysis

The State's sole point on appeal asserts that the trial court erred in granting the Motion to Suppress because it "misapplied the law in that, the trial court found that

5

[Brashier] was not in custody and *Miranda* warnings are only required when a defendant is in custody."[3]

The State's point on appeal addresses one of the two bases for suppression raised by Brashier in his Motion to Suppress--whether Brashier's statements to Deputy J. H. were subject to suppression because they were made without Brashier first being adequately advised of his constitutional rights by way of administration of the *Miranda* warnings. With respect to this basis for suppression, the State's opening Brief correctly acknowledges that statements made to police during a custodial interrogation must be preceded by *Miranda* warnings in order for the statements to be admissible. *Miranda*, 384 U.S. at 479. And the State's opening Brief correctly notes that an "officer's obligation to administer *Miranda* warnings attaches . . . 'only where there has been such a restriction on a person's freedom as to render him in custody.'" *Stansbury v. California*, 511 U.S. 318, 322 (1994) (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam)).

The State's opening Brief is silent, however, with respect to the second basis for suppression raised by Brashier in his Motion to Suppress--that his statements were not voluntarily made because they were given under inherently coercive conditions in light of

---

[3]The State's Brief violates Rule 84.04(e) in that it fails to include a preservation statement for its point on appeal. "Demonstrating preservation is necessary because 'nothing is preserved for review if the question was not properly presented to the trial court in the first instance.'" *City of Harrisonville v. Mo. Dep't of Nat. Res.*, 681 S.W.3d 177, 182 n.4 (Mo. banc 2023) (quoting *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978)). We nonetheless exercise our discretion to review the State's point on appeal.

6

his physical and mental condition at the time he was questioned. "Involuntarily obtained confessions are barred from being admissible at trial by the Due Process Clause." *State v. Hines*, 648 S.W.3d 822, 829 (Mo. App. S.D. 2022) (citing *State v. Faruqi*, 344 S.W.3d 193, 203 (Mo. banc2011) (itself citing *Ashcraft v. Tennessee*, 322 U.S. 143, 155) (1944)). "The test for whether a confession is voluntary is whether the totality of the circumstances created a physical or psychological coercion sufficient to deprive the defendant of a free choice to admit, deny, or refuse to answer the examiner's questions." *Id.* (quoting *Faruqi*, 344 S.W.3d at 203).

Here, the Order granting the Motion to Suppress simply states: "Hearing held on Defendant's motion to suppress Statements, State adduces Evidence and rests, Defendant adduces no evidence. Argument. Motion to suppress statements granted. TRD. KC/III (CD)." The Order includes no findings suggesting a specific reason or reasons for the trial court's decision to suppress Brashier's statements. We are required on appellate review of the Order to view all facts and inferences in the light most favorable to the trial court's ruling, and to disregard contrary evidence. *State v. Bales*, 630 S.W.3d 754, 758-59 (Mo. banc 2021). And, because the Order contains no factual findings and none were requested, we are required to "presume the trial court found all facts in accordance with its ruling." *Selvy*, 462 S.W.3d at 764 (citing *Avent*, 432 S.W.3d at 252); *see also Abeln*, 136 S.W.3d at 808.

The Order could have been entered based on the trial court's belief that Brashier's statement was involuntarily made in light of his physical and mental state at the time he was questioned by Deputy J. H. The State's failure to address this potential basis for the

7

Order is fatal to its appeal.[4] *STRCUE, Inc. v. Potts*, 386 S.W.3d 214, 219 (Mo. App. W.D. 2012) ("An appellant's failure to challenge a finding and ruling that would support the conclusion complained about is fatal to an appeal.") (quoting *Loven v. Greene Cnty.*, 94 S.W.3d 475, 478 (Mo. App. S.D. 2003)).

Even if this fatal omission could be disregarded (which it cannot), the State's point on appeal is facially negated by the Order, which did ***not*** find that Brashier was not in custody at the time of his interrogation. Instead, as noted, the Order was silent on this subject. Because we are required to "presume the trial court found all facts in accordance with its ruling," we must presume that the trial court found that Brashier was in custody. *Selvy*, 462 S.W.3d at 764 (citing *Avent*, 432 S.W.3d at 252).

Though the State's point on appeal makes no reference whatsoever to the trial court's *oral* statements during the suppression hearing, in the argument portion of its opening Brief, the State argues that the trial court "unambiguously found" that Brashier was not in custody, and that as a result, "the trial was not permitted to sustain the motion to suppress on the ground that *Miranda* warnings were required." [Appellant's Brief, p.14] The citation to the record accompanying the State's claim of an "unambiguous finding" is to the transcript, and thus to the trial court's *oral* comments during the

---

[4]This omission is of particular note because, as we explain, *infra*, the State's complaint on appeal is not that the Order made a finding about whether Brashier was in custody that is inconsistent with the trial court's grant of the Motion to Suppress, but is instead that the trial court's oral statements during the suppression hearing on the subject of custody were in tension with the written Order granting the Motion to Suppress. The trial court's oral statement during the suppression hearing on the subject of the voluntariness of Brashier's statements was also in tension with the written Order granting the Motion to Suppress. Yet, the State does not address that inconsistency in this appeal.

8

suppression hearing. The State's summary assertion that the trial court was not permitted to grant the Motion to Suppress in light of its "unambiguous oral finding" during the suppression hearing is not supported by reference to any authority addressing the extent to which oral comments on the record are controlling in the face of an inconsistent written judgment or order. On that basis alone, the State's argument must be rejected.[5] *State v. Boyd*, 659 S.W.3d 914, 929 (Mo. banc 2023) (holding that "[w]here a party fails to support a contention with relevant authority or argument beyond conclusions, the point is considered abandoned.") (quoting *Beatty v. State Tax Comm'n*, 912 S.W.2d 492, 498-99 (Mo. banc 1995)).

In fact, contrary to the State's unsupported assertion, appellate "review is ordinarily limited to the written judgment [or order] and does not extend to oral comments made by the trial court, which are not part of the judgment [or order]." *Harvey v. Dir. of Revenue*, 371 S.W.3d 824, 826 (Mo. App. W.D. 2012). This principle of appellate review stems from the well-settled legal maxim that courts speak only through their records. *Howe v. Heartland Midwest, LLC*, 604 S.W.3d 774, 780 (Mo. App. W.D. 2020).

---

[5]In its reply brief, the State argues that when a trial court volunteers findings of fact, the facts are reviewable on appeal. The State cites several cases for this proposition, including *Young v. Young*, 14 S.W.3d 261, 263 (Mo. App. W.D. 2000), and *Graves v. Stewart*, 642 S.W.2d 649, 651 (Mo. banc 1982). These cases have no application. They involve situations where a trial court makes findings of fact in its written order or judgment even though no party has requested the trial court do so, and no statute obligates the court to do so. In those cases, our jurisprudence does require us to consider and review the factual findings, and to attach weight to those findings as the basis for a trial court's decision, because they are included in the trial court's controlling written judgment or order.

9

There is a limited exception to this settled principle if a judgment or order is ambiguous, in which case appellate courts may refer to a trial court's oral statements on the record to determine the trial court's intent and to clarify the ambiguity. *Id.* (citing *Harvey*, 371 S.W.3d at 827-28). But, the State does not argue that the trial court's Order is ambiguous. Nor could it have persuasively done so, as judgments or orders that do not offer a specific reason or reasons for the trial court's decision are not ambiguous. *Harvey*, 371 S.W.3d at 827 ("There is no ambiguity to be resolved" with a "simple, general judgment" that offers no reason for the trial court's decision and simply states "[t]he Court having heard the evidence and arguments of counsel, and being fully advised upon the law and facts, finds the issue(s) in favor" of one party and against the other party). "[W]here the language of the judgment [or order] is plain and unambiguous, we do not look outside the four corners of the judgment [or order] for its interpretation."[6] *Howe*, 604 S.W.3d at 780.

---

[6] The danger of referring to a trial court's oral comments when a written judgment or order is unambiguous is demonstrated in this case. The parties do not agree that the trial court's oral comments on the record constituted an "unambiguous finding" that Brashier was not in "custody" at the time of his interrogation. Brashier argues that the trial court's comments could as easily be construed to mean that although Brashier was not in "police" custody *per se* at the time he was interrogated, he was nonetheless "in custody" because he was not free to go in light of medical restraints and other related limitations on his physical mobility. We express no opinion as to whether the latter scenario suffices as a custodial interrogation sufficient to trigger the obligation to read the *Miranda* warning as that issue is not before us. However, the fact that the parties do not agree about the import of the trial court's oral comments underscores the importance of reviewing the unambiguous written Order issued by the trial court without regard to oral comments made during the suppression hearing.

10

Moreover, even if the Order is construed as ambiguous (which the State has not argued and which we do not find), a trial court's oral statements on the record may be considered to explain an order or judgment but only so long as those comments "do not oppose, dispute, or impeach the judgment [or order]."[7] *Estate of Rogers v. Battista*, 125 S.W.3d 334, 341 (Mo. App, E.D. 2004). Here, the oral comments relied on by the State plainly oppose, dispute, and impeach the Order, as the State's argument on appeal is that the written Order is legally erroneous *because* it is inconsistent with the trial court's oral comments.

The State's single point on appeal is without merit and is denied. The State has not alternatively argued that the written Order is legally erroneous because the evidence presented by the State during the suppression hearing does not permit a finding that Brashier was in custody when he made his statements, or that his statements were involuntary. We cannot, and will not, address these unraised, unpreserved issues. *State v. Foster*, 392 S.W.3d 576, 581 (Mo. App. S.D. 2013) (holding that appellate court's review of the grant of a motion to suppress is limited to the claims of error raised by the State, and court would "not consider whether the order may be vulnerable to other

---

[7]An important exception should be noted where a written judgment of conviction and sentence in a criminal case varies from the oral rendition of judgment on the record in the presence of the criminal defendant. Because the oral rendition of judgment in a criminal case is required by Rule 29.07(c), the oral judgment controls in the event of a variance between the oral judgment and the later (ministerial) entry of a written judgment. *State v. Vandergrift*, 669 S.W.3d 282, 289-90 (Mo. banc 2023). This exception renders inapplicable and irrelevant the State's reliance in its reply brief on *State v. Pierce*, 548 S.W.3d 900 (Mo. banc 2018), for the proposition that an appellate court will consider a trial court's oral comments, as in *Pierce* the oral comments at issue were made during sentencing, and thus when the controlling judgment was being rendered.

11

attacks"). "A cardinal rule of appellate review is that the questions for decision are those stated in the points relied on. . . . "[8] *Id.* at 581 n.8 (quoting *McCoo v. State*, 844 S.W.2d 565, 567 (Mo. App. S.D. 1992)).

Point One is denied.

## Conclusion

The Order suppressing Brashier's statements is affirmed.

_____
Cynthia L. Martin, Presiding Judge

All concur

---

[8]Brashier's brief addressed whether we are permitted to consider the trial court's oral comments on the record in response to the State's sole point relied on. Out of an abundance of caution, no doubt, Brashier's brief also addressed whether the written Order was supported by substantial evidence with respect to both of the bases for suppression alleged in the Motion to Suppress, even though the State's opening Brief did not raise these issues as points on appeal. The State's reply brief responded to Brashier's arguments regarding the evidentiary support for the Order, and asserted that the Order is not supported by substantial evidence as to either basis for suppression set forth in the Motion to Suppress. The State's responsive arguments in its reply brief are not sufficient to preserve issues for our review that were required to be, but were not, set forth in the State's points relied on in its opening brief. *See Swafford v. Treasurer of Mo.*, 659 S.W.3d 580, 585 n.7 (Mo. banc 2023) ("Assignments of error set forth for the first time in the reply brief do not present issues for appellate review." (quoting *Berry v. State*, 908 S.W.2d 682, 684 (Mo. banc 1995)).

12